IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| JOSEPH M. McMANUS d/b/a | * | |
| MANTIS CONSTRUCTION, | * | Case No.: 1-05-bk-08332MDF |
| Debtor | * | |

***

| | | |
|---|---|---|
| DANIEL E. PAVONE, | * | |
| Plaintiff | * | |
| v. | * | Adv. No. 1-06-ap-00024 |
| JOSEPH M. McMANUS d/b/a | * | |
| MANTIS CONSTRUCTION, | * | |
| Defendant | * | |

***

| | | |
|---|---|---|
| DENNIS E. WHERLEY, | * | |
| Plaintiff | * | |
| v. | * | Adv. No. 1-06-ap-00021 |
| JOSEPH M. McMANUS d/b/a | * | |
| MANTIS CONSTRUCTION, | * | |
| Defendant | * | |

## OPINION

### Procedural and Factual History

Before me are motions under Fed.R.Civ.P. 12(b) to dismiss the above-captioned adversary cases. Defendant/Debtor, Joseph M. McManus ("Debtor") is a building contractor. Two of Debtor's former customers, Daniel E. Pavone ("Pavone") and Dennis E. Wherley ("Wherley") filed *pro se* complaints alleging that Debtor took deposits for construction work that he did not complete. The adversaries were initiated by the filing of "affidavits," which were

1

accepted by the Clerk as adversary complaints. In his complaint Pavone alleges that he paid Debtor $67,850.00 for a home addition project that Debtor failed to complete. His affidavit, handwritten on a single page and filed on February 2, 2006, stated the following:

"Breach Contract"
Failure to perform work he was paid to do.
I, Daniel E. Pavone (Plaintiff) hired Joseph M. McManus (Defendant). (sic) To put a (sic) addition on my house (see copy of signed contract attached). Joseph M. McManus took payments for my project between December 2004 and August 2005 and never finished them (sic). I, Daniel E. Pavone (Homeowner) had to hire additional workers to finish the project. Total payments made to Joseph M. McManus (Mantis Construction) was (sic) $67,850.00. Joseph M. McManus (Mantis Construction) did not complete $21,000.00 worth of work. (Breach contract.)

On February 27, 2006, Debtor moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Debtor averred that the complaint was insufficient because it failed to cite any particular provision in 11 U.S.C. § 523. Debtor also asserted that, even if a statutory reference was not required, Plaintiff had failed to allege facts which, if proved, would establish one of the exceptions to discharge. On March 17, 2006, Debtor filed a brief in support of his motion to dismiss. In his brief, Debtor admitted that he entered into a contract with Pavone to supply materials and perform construction work at Pavone's residence. He further admitted that he completed a substantial portion of the work, but that he failed to complete the job. Pavone did not respond to the motion to dismiss.

Wherley, another customer, filed an "affidavit" on January 30, 2006 alleging that Debtor accepted deposit money for construction work and later failed to complete the project. The substance of Wherley's affidavit, somewhat more lengthy than Pavone's, states as follows:

2

Re: Mr. Joseph McManus of Mantus (sic) Construction Company
& (sic) failure to perform work he was paid to do.

On May 27, 2005, Mr. McManus and I entered into a contract to build a detached garage at my residence at 85 Brentwood Ct, York County, Hanover, Pa. 17331 for a price of $27,500.

On May 27, 2005 (contract date), as a condition of the contract, I paid Mr. McManus $1,000 as a down payment for the job.

On June 27, 2005 Mr. McManus came to my residence and did a partial preliminary excavation of the site for the garage and driveway. At this time, based on the contract, I paid Mr. McManus $9,812, the first installment required upon his starting the job. I constantly called him to see when he was going to continue the work on my garage. Mr. McManus came back on July 12, 2005 to pour a footer for the job.

I know that quality of work is not at issue at this time, but the footer was not made correctly and Mr. McManus and his helper were gone before the cement truck could even get off the property. When I did get a contractor to build my garage, I had to pay them to straighten out the problems with the footer. This tells me that Mr. McManus never intended to do any more work on my garage.

From July 12th on (sic), Mr. McManus would not return any phone calls or do any more work on my garage. He also would not talk to me when I went to his residence to confront him on his lack of performance on August 23, 2005. His girlfriend, Ruth, came out after I waited an hour and a half and told me her <u>husband</u> (sic) was filing Bankruptcy and I should contact John M. Hyams of Cunningham & Chernicoff, P.C. at 2320 N. Second Street, Harrisburg, Pa. 17106-0457. It wasn't until the Bankruptcy Hearing (sic) that I found out Ruth was his Girlfriend (sic) and not his wife. Ruth was the person I talked to when I would get through to leave a message for Mr. McManus to call me. She always answered the phone as Mantus (sic) Construction Company and portrayed herself as an employee of the business. Ruth is also the person who prepared the first draft of the garage work to be done.

I called Mr. Hyams on numerous occasions to talk to him about the Bankruptcy (sic) and he would never take my calls or return any calls to me. On 9/7/05 (sic), I sent a registered letter to Mr. Hyams stating that I was a creditor of Mr. McManus and that I was out (sic) the $10,812. I also asked that I be sent a formal notice of the Bankruptcy and be kept informed as to what was going on. I not only was not kept informed but I also was not put onto the creditors list filed with the Bankruptcy court. Since then, I got (sic) added to the list by sending my own letter to the Bankruptcy court and receiving back the official notice of the Bankruptcy (sic) filing even though it was after the hearing date.

3

On February 27, 2006, Debtor moved to dismiss Wherley's complaint for failure to state a claim and/or for failure to conform to the Federal Rules of Civil Procedure. On March 24, 2006, in response to Debtor's motion, Wherley filed a letter in which he contested several averments in the motion to dismiss and reasserted his arguments in favor of the nondischargeability of his debt.[1] The motions to dismiss in both cases are now ready for decision.[2]

## Discussion

In deciding a motion to dismiss, the Court must treat the facts alleged in the complaint[3] as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). The Court need not determine if the non-moving party ultimately will prevail, but only whether the plaintiff is entitled to relief under any set of facts that could be proved consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

---

[1] Debtor's discharge under § 727(a) was entered on October 16, 2006. The entry of the order discharging Debtor generally does not prevent the exclusion of particular debts from the discharge order under § 523(a).

[2] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

[3] Although the documents filed in the within case commencing the adversary proceedings were styled as "affidavits," they are being treated as complaints and will be referred to in this opinion as complaints.

A bankruptcy court should liberally construe a complaint filed by a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), *cited in Rashid v. Powel (In re Rashid)*, 210 F.3d 201, 205 (3d Cir. 2000). A court may consider a *pro se* complaint under the provision most applicable to the facts alleged even if the complaint fails to reference a specific statutory provision in support of the cause of action. *Chester v. Parker (In re Parker)*, 289 B.R. 779 (Bankr. M.D. Ga. 2002). *See also Ramey v. Barton (In re Barton),* 321 B.R. 869 (Bankr. N.D. Ohio 2004) (although Plaintiff did not plead § 523(a)(14) as grounds for non-dischargeability, the court may employ equitable powers under § 105 to revise a pleading to conform to the evidence presented.) In *Parker*, the court construed a *pro se* complaint styled "Complaint of Objection" to be a dischargeability complaint under § 523(a)(6) even though it failed to reference any section of the Bankruptcy Code.[4] Under similar principles, in *In re Scott*, 2003 WL 1343635 (N.D. Cal. 2003), the court held that a *pro se* complaint purportedly filed under § 523 could, nonetheless, be construed as an objection to discharge under § 727 because the allegations supported a cause of action under the latter section. Employing the principles of liberal construction, I will consider the motions to dismiss in the above-captioned adversary cases.

    a.    *the Pavone case*

Pavone's complaint is titled "breach of contract." It alleges that Pavone and Debtor entered into a written agreement in which Debtor agreed to complete an addition to Pavone's

---

[4]In *Parker*, the *pro se* plaintiff, a state prisoner, had filed a complaint in federal district court against debtor Parker seeking damages for civil rights violations. After Parker filed a chapter 7 bankruptcy petition, the plaintiff filed his "Complaint of Objection" in which he asked the Court "to set aside property valued at $10,000 to cover any award of damages he might be granted." *Parker*, 289 B.R. at 780.

5

home. According to the complaint, Pavone paid Debtor $67,850.00 for his services, but Debtor failed to complete the work. As a consequence of Debtor's breach, Pavone alleges that he had to hire other parties to complete the construction.

In most circumstances, a claim for breach of contract may be discharged under 11 U.S.C. § 727. A debtor may discharge a debt that arises from an intentional breach of contract unless the debt is excepted from discharge under one of the provisions of § 523(a). *Mills v. Mills (In re Mills),* 345 BR 598, 604 (Bankr. N.D. Ohio 2006) ("Alone, a broken promise will not establish the existence of any intent to deceive."); *Cutler v. Lazzara (In re Lazzara)*, 287 B.R. 714, 722 (Bankr. N.D. Ill. 2002) (debts for intentional "breach of contract are not excepted from discharge"); *Krenowsky v. Haining (In re Haining)*, 119 B.R, 460, 463 (Bankr. D. Del. 1990)("mere breach of contract by the debtor without more, does not imply the existence of fraud"). If a creditor proves that the debtor never intended to perform under the terms of the contract, however, the debt may be excepted from discharge. *Clyde-Findlay Area Credit Union v. Burwell (In re Burwell),* 276 B.R. 851, 854 (Bankr. N.D. Ohio 2002); *In re Haining,* 119 B.R. at 463. Therefore, in order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, Pavone must demonstrate that Debtor's actions are *more* than a mere breach of contract and fall within a least one of the eighteen categories of debts in § 523(a) that are excepted from the discharge.

Only two of those eighteen categories possibly provide the "more" required to survive a motion to dismiss based on the facts alleged. Section 523(a)(2)(A) excepts from discharge debts for money, property, services, or an extension, renewal, or refinancing of credit obtained by false

6

pretenses, a false representation, or actual fraud.[5]  The Court of Appeals for the Eleventh Circuit has held that claims arising from a building contractor's alleged fraud and breach of contract in the course of construction of a residence may be excepted from discharge under § 523(a)(2)(A).[6] *See Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347 (11th Cir. 1996).  If actual fraud is alleged, the complaint is subject to special rules of pleading, which require the creditor to state the circumstances constituting the fraud with particularity.  *See* Fed.R.Civ.P. 9(b); Fed.R.Bankr.P. 7009.  Pavone did not plead fraud, either generally or with particularity.  "False pretenses" and "false representations" need not be plead with particularity, but the allegations of the complaint must at least allege facts sufficient to support an inference of fraud.  There are no allegations even inferring fraud, only statements that Debtor failed to perform his obligations under the parties contract.  Therefore, Pavone has failed to demonstrate that he is entitled to relief under § 523(a)(2)(A) based upon any set of facts that could be proved consistent with the allegations of the complaint.

---

[5] False representation means an express misrepresentation. *In re Sanchez*, 277 B.R, 904, 908 (Bankr. N.D. Ill. 2002); False pretenses means an implied misrepresentation or conduct that the actor intends to create a false impression. *In re Smith*, 2006 WL 3333801 (Bankr. M.D.N.C.). Actual fraud "is something said, done, or omitted by a person with the design of perpetrating what he knows to be a cheat or deception." *Black's Law Dictionary* 661 (6th ed. 1990).

[6] In order to succeed in a 523(a)(2)(A) claim, a creditor must prove the following five common law elements of fraud. These include: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998); *Thul v. Ophaug (In re Ophaug),* 827 F.2d 340, 342 n. 1 (8th Cir.1987) (citations omitted).

7

Case 1:06-ap-00024-MDF    Doc 7    Filed 12/15/06    Entered 12/18/06 13:19:37    Desc
Main Document      Page 7 of 10

The other possible basis for excluding Pavone's claim from discharge is found in § 523(a)(6), which excepts debts for willful and malicious injury to a creditor or the property of a creditor. In *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S. Ct. 974 (1998), the Supreme Court held that to find a willful injury under § 523(a)(6), a plaintiff must plead and prove that the debt was a result of a debtor's actual intent to inflict harm on the creditor, not merely that the debtor injured the plaintiff as a consequence of a volitional act.[7] In the instant case, there is no allegation in Plaintiff's affidavit that Debtor actually intended to harm Plaintiff when he failed to complete the construction project at Plaintiff's home. Thus, even construed in a light most favorable to Plaintiff, his complaint does not state a case for nondischargeability under § 523(a)(6).

For these reasons, Pavone's complaint does not state a claim on which relief can be granted. Accordingly, Debtor's motion to dismiss the complaint shall be granted unless Pavone files an amended complaint correcting the pleading deficiencies cited above within thirty days of the date of the order accompanying this opinion.[8]

---

[7] In *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 307 (3rd Cir. 1994), the Court of Appeals for the Third Circuit held that a debt is nondischargeable if it arises from an injury inflicted by an actor who had the purpose of producing injury or if the actions were substantially certain to produce injury.

[8] "[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the [bankruptcy court] will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the. . . judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only it if appears to a certainty that the plaintiff cannot state a claim." *Highland Tank and Mfg. Co. v. PS International, Inc.*, 393 F. Supp. 2d 348, 352 (W.D. Pa. 2005).

### a. The Wherley Case

Wherley also filed an affidavit that was accepted by the Clerk as a complaint. Attached to the complaint was a signed copy of the construction contract, copies of Wherley's checks to Debtor with Debtor's endorsement, and photographs of the uncompleted construction site. Wherley, like Pavone, does not specifically allege facts suggesting that the debt was obtained by false pretenses, a false representation, or actual fraud. He does allege, however, that after Debtor obtained an initial payment, he poured a footer that later had to be corrected before construction of the garage could be completed. Based upon Debtor's actions, Wherley asserts "that Mr. McManus never intended to do any more work on my garage." "The existence of fraudulent intent under § 523(a)(2)(A) hinges on whether the debtor, *at the time the debt is incurred* intended to honor the obligation." *In re Burwell,* 276 B.R. at 854 (emphasis added); *accord In re Mills*, 345 B.R. at 604. Although the debtor's fraudulent intent must exist when the debt was incurred, subsequent conduct may shed light on his intent at the inception of the contract. *Williamson v. Busconi*, 87 F.3d 602, 603 (1st Cir. 1996). Wherley implies that after the parties agreed that Debtor would construct the garage and received a down payment, Debtor decided not to do further work. Wherley fails to allege, however, that Debtor entered into the contract never intending to perform under the agreement. Wherley also states that Debtor failed to list him as a creditor or to notify him of the bankruptcy proceedings. Although the omissions in the schedules were improper and, if intentional, suggest bad faith, Wherley's complaint would be subject to dismissal even if he had been listed as a creditor at the beginning of the case. Debtor's discharge has been granted, and no facts have been alleged that support an exception to discharge under § 523(a).

9

A cause of action under § 523(a)(6) is similarly unavailing. Wherley did not plead that Debtor breached the contract with the intent of injuring him or that injury was substantially certain to occur. Consequently, I conclude that Wherley's complaint should be dismissed unless he files an amended complaint within thirty (30) days of the date of the order accompanying this opinion alleging facts sufficient to prove the elements of an exception to discharge under § 523(a).

By the Court,

*Mary D. France*
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

Date: December 15, 2006